SARA C. W. TILBY, Appellant, v. AUGUSTUS J. HAYES.

JAMES TILBY and Others, Heirs-at-law of JAMES TILBY, Respondents.

*Power of the court to allow parties, interested in the event of an action, to intervene.*

The plaintiff claiming to be the widow of one James Tilby, deceased, presented his will for probate before the surrogate. That application was opposed by the heirs-at-law of James Tilby, upon the ground that the plaintiff was not the widow of the deceased, for the reason that she was the wife of Hayes, the defendant in this action, at the time of the alleged marriage with Tilby. Prior to Tilby's death the plaintiff had brought this action against the defendant, Hayes, to procure a judgment declaring a marriage, formally solemnized between them, null and void, because of his fraud, and had procured therein a report of the referee in her favor.

*Held,* that it was proper for the court, upon the application of the contestants, to send this action back to the referee, and allow them to produce and examine witnesses, and cross-examine the plaintiff and the other witnesses already examined.

That if the plaintiff so desired she might have the said contestants made parties defendant to this action.

Appeal from an order referring this action back to the referee and permitting James Tilby and others to produce and examine witnesses upon the reference, and to cross-examine the plaintiff and such other witnesses as have been already sworn and examined on the hearing.

The action was commenced in June, 1880, to have a marriage, solemnized in 1874, declared null and void. James Tilby, whose widow the plaintiff claims to be, died in October, 1881.

*Erastus Cooke,* for the appellant.

*A. R. Dyett,* for the respondent.

Daniels, J.:

The action was brought to procure a marriage, formally solemnized between the plaintiff and the defendant Hayes, to be declared null and void because of his fraud. After such marriage she intermarried with James Tilby, now deceased, and after his decease she, as

his widow, presented his will for probate before the surrogate of the county of New York. This was resisted by and on behalf of Tilby, and another respondent, upon the ground that the plaintiff was not the widow of the testator for the reason that she was the wife of another person at the time of her marriage with him. How this fact may become important in the proceeding before the surrogate has not been made to appear, but that it is so regarded by the parties may be inferred from the contest which took place before the order was made, and which has now been renewed upon the argument of the present appeal. If the plaintiff was legally married to Hayes, who was still living at the time of her intermarriage with Tilby, the testator, that may deprive her of rights which she now claims under this will. And so far as that circumstance may be attended with that result, the heirs of Tilby are interested in resisting her application for judgment in the action prosecuted by her against Hayes to obtain a decree declaring her marriage with him to be null and void. If she was lawfully married to Hayes as they allege the fact to have been, then her marriage with Tilby was unlawful and she could claim no advantage by means of it from the estate left by him. As Tilby is dead, the motive for a prosecution of the action against Hayes may very well be to place the plaintiff in a position where she may lawfully claim that no valid marriage subsisted between herself and Hayes. Each of these parties, therefore, seems to be directly interested in the result which may be secured by the prosecution of the plaintiff's action against Hayes, as the judgment in the action may exert an important influence one way or the other over the determination of her rights under the will. These are the parties, and they alone, as Hayes makes no defense, who are really interested in prosecuting and contesting this action, and for that reason the order allowing Tilby's heirs to appear and cross-examine the witnesses and produce others in the case, would appear to be proper. It is true that they might successfully resist the judgment after its recovery by the plaintiff, if her action against Hayes is collusive, as they allege the fact to be. But that would be much more difficult than the course the order has allowed them to take, of bringing in witnesses and by the cross-examination of the plaintiff and her witnesses proving this to be the nature of her suit, before the action can result in a judgment.

An order of this nature was made in *Clay* v. *Clay* (21 Hun, 609). But as that was made to afford the person whose reputation might be injuriously affected by the result, the means of protecting herself, it has been urged in support of the appeal that it is not an authority sustaining this order. But if an order of this nature may properly be made to protect the character of a third person brought in controversy in an action for a divorce, as it was then held to be, the same principle must necessarily be broad enough to include a like order, when it may become necessary for the protection of the proprietary interests of third persons. The principle that will include one class of cases in its reason and spirit, will likewise comprehend the other. This principle has been sustained by the ecclesiastical courts of England in actions designed to affect the marital relations of parties to them. (Bishop on Marriage and Divorce [6th ed.], § 309.) And it was followed and applied in the case of *Price* v. *Price* (reported improperly in 2 Thomp. & Cooke, 558, under the head of "Anonymous")."

Where parties' rights, reputation, or other important interests may be injuriously affected by what there is reason to believe is a friendly litigation of this nature between others, justice requires that they should be allowed to intervene so far as that may be necessary for their own protection. It is also due to the court in which the action may be pending that the truth shall be shown, and such proceedings will insure that result, and at the same time guard the parties entitled to the maintenance of their rights against the risk of being improperly and collusively deprived of them.

The order went no further than was necessary for this purpose. If it should prove desirable on the part of the plaintiff that these persons should in form be named as defendants in the suit, a modification of the order to that extent will be made. But if that should not be deemed advisable then the order should be affirmed in the form in which it has already been made, without costs to either party.

DAVIS, P. J., and BRADY, J., concurred.

Order modified as directed.